UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT COTHRAN,

    Plaintiff,

v.                                                     Case No: 8:23-cv-518-CEH-CPT

GEORGE M. ADAMS, JR. ,
SANDRA BROCK, SHAKER
BROCK, KELLY A. POUND and
HAROLD IRWIN,

    Defendants.

_____

**<u>ORDER</u>**

This matter is before the Court on Plaintiff's Motion for Preliminary Approval ("Motion For Preliminary Approval") of a proposed class action settlement of the above-captioned action ("Action") between Named Plaintiff Robert Cothran, on behalf of a class of participants in the Electric Supply Employee Stock Ownership Plan ("Plan"), and Defendants George M. Adams Jr., Sandra Brock, Shaker Brock, Kelly A. Pound, and Harold Irwin (collectively, "Defendants"), as set forth in the Settling Parties' Class Action Settlement Agreement ("Settlement Agreement"). Having duly considered the terms of the Settlement Agreement, the motion papers and arguments of counsel at a hearing held on April 26, 2024, the Court hereby grants the Motion for Preliminary Approval (Doc. 55), finds and orders as follows:

    1. Based on the Court's review, the Court finds, on a preliminary basis, that:

        (i) the Settlement Agreement is fair, reasonable, and adequate, and within

the range of possible approval, (ii) the Settlement Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case following substantial discovery, (iii) the form and method of notice of the Settlement and of the Fairness Hearing is appropriate; and (iv) the Settlement Agreement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Eleventh Circuit precedents. Accordingly, the Court preliminarily approves the Settlement Agreement, except that the Court does not approve the proposed General Release Compensation to named Plaintiff Robert Cothran.

2. For settlement purposes, the Court preliminarily certifies the following Settlement Class:

All participants of the ESOP who had an account balance greater than zero at any time between January 1, 2016 and April 14, 2021, excluding Defendants.

Named Plaintiff Robert Cothran is appointed as the Class Representative, and Engstrom Lee LLC, Morgan & Morgan, P.A., and Wenzel Fenton Cabassa, P.A. are appointed as Class Counsel for the Settlement Class.

3. The Court approves the proposed Notice of Settlement (Exhibit 1 to the Settlement Agreement) and the method of giving direct notice to Settlement Class Members by U.S. mail. The Court finds that the proposed Notice fairly and adequately provides information to the Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2)

the scope of the Settlement Class; (3) the terms of the Settlement Agreement; (4) the process for submitting a Rollover Form; (5) Settlement Class Members' right to object to the Settlement and the deadline for doing so; (6) the Settlement Class's release; (7) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (8) the date, time, and location of the Fairness Hearing; and (9) Settlement Class Members' right to appear at the Fairness Hearing. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the mailing of this Notice constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Settlement Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

4. No later than thirty (30) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall distribute the proposed Notice to the Settlement Class by first class mail, and shall include a Rollover Form (Exhibit 2 to the Settlement Agreement) along with the Notice. A Settlement Class Member must submit a completed, satisfactory Rollover Form to the Settlement Administrator no later than fourteen (14) calendar days before the Fairness Hearing in order to be considered eligible for a rollover in lieu of a check.

5. In accordance with the Settlement Agreement, the Settlement Administrator also shall establish a Settlement Website and toll-free telephone line relating

to the Settlement no later than thirty (30) calendar days following the entry of this Preliminary Approval Order.

6. Pursuant to the Settlement Agreement, Analytics Consulting LLC is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

7. On **September 19, 2024 at 11:00 A.M.**, or at such other date and time later set by Court Order,[1] in courtroom 13A of the United States District Court for the Middle District of Florida, 801 North Florida Avenue, Tampa, Florida 33602, this Court will hold a Fairness Hearing to: (1) give final consideration to the fairness, reasonableness, and adequacy of the Settlement Agreement, (2) review any comments or objections regarding the Settlement Agreement, (3) consider whether the Court should issue a Final Approval Order approving this Settlement Agreement, (4) consider any proposed Attorneys' Fees and Costs, Administrative Expenses, and General Release Compensation; and (5) consider any other matters that the Court may deem appropriate in connection with the Settlement.

8. Any Settlement Class Member may comment in support of or in opposition to the Settlement Agreement; provided, however, that all comments and objections shall only be considered by the Court at the Fairness Hearing if

---

[1] Any change in the date, time, location, or format of the Fairness Hearing shall be posted on the Settlement Website.

they have been timely sent to Class Counsel and Defendants' Counsel. To be timely, the comment and/or objection and any supporting documents must be mailed or otherwise delivered to Class Counsel and Defendants' Counsel no later than twenty-one (21) calendar days prior to the date of the Fairness Hearing. The comment and/or objection also must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number; (3) describe the position the Settlement Class Member wishes to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that the Settlement Class Member wishes to submit in support of his or her position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the Settlement Class Member; and (6) include the Settlement Class Member's signature. A Settlement Class Member who submits a comment or objection regarding the Settlement Agreement need not, but may, appear at the Fairness Hearing for the Settlement Class Member's comment or objection to be considered by the Court. Any Settlement Class Member wishing to speak at the Fairness Hearing shall serve a notice of intent to appear on Class Counsel and Defendants' Counsel at least twenty-one (21) calendar days prior to the Fairness Hearing. Any Settling Party may file a response to an objection before the Fairness Hearing.

9. Any application for Attorneys' Fees and Costs, Administrative Expenses, and General Release Compensation shall be filed no later than thirty (30) calendar days prior to the deadline for objections.

10. No later than fourteen (14) calendar days prior to the Fairness Hearing, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement. Class Counsel shall file any objections to the Settlement with the motion for Final Approval of the Settlement.

11. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Settlement Class Member's objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding.

12. Each Settlement Class Member, and his or her respective heirs, executors, estates, beneficiaries, administrators, successors, agents, attorneys, and assigns, is preliminarily enjoined from suing Defendants or other Released Parties in any action or proceeding alleging any of the Released Claims, even if any Settlement Class Member may thereafter discover facts in addition to or different from those which the Settlement Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through representatives, or in any other capacity, commence

6

any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants or Released Parties.

The Settlement Agreement, the proceedings relating to the approval of the Settlement Agreement, and this Preliminary Approval Order are not and shall not be construed as evidence or an admission of any liability, responsibility, fault, or wrongdoing on the part of the Settling Parties or any Released Party. In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, then the Settling Parties and Settlement Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and any order entered by the Court pursuant to the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*.

**DONE** and **ORDERED** in Tampa, Florida on June 10, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties