# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Robert Cothran, as the representative of a class of similarly situated persons, and on behalf of the Electric Supply Employee Stock Ownership Plan,<br><br>　　Plaintiff,<br><br>v.<br><br>George M. Adams Jr., Sandra Brock, Shaker Brock, Kelly A. Pound, and Harold Irwin,<br><br>　　Defendants. | Case No. 8:23-cv-00518-CEH-CPT |

## ORDER

This matter came before the Court on the Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Doc. 68, and Plaintiff's Unopposed Motion for Award of Attorneys' Fees, Costs, and Administrative Expenses, Doc. 64. After review of the Unopposed Motion for Final Approval of Settlement and the Unopposed Motion for Award of Attorneys' Fees, Costs, and Administrative Expenses, and the Declarations of Brandon J. Hill, Marc R. Edelman, Mark E. Thomson, and Jeffrey Mitchell, the Court **GRANTS** the motion and **ORDERS** as follows:[1]

---

[1] All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

1.     The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to this action, including all members of the Settlement Class.

2.     The Court certifies, for Settlement purposes only, the following Settlement Class:

> All Participants of the ESOP who had an account balance greater than zero at any time between January 1, 2016 and April 14, 2021, excluding Defendants.

The Court finds that this Settlement Class meets all the requirements of Rule 23(a) and 23(b)(1).

3.     Pursuant to Rules 23(e)(1)(A) and (C), the Court approves of the Settlement of the Released Claims covered by this Settlement Agreement and finds the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Settlement Class Members.

4.     The Court orders that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

5.     The Court finds that under Fed. R. Civ. P. 23(c)(2) the Settlement Notice constituted the best notice practicable under the circumstances and that due and sufficient notice of the Final Fairness Hearing and the rights of all Settlement Class Members has been provided.

6.     In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Analytics Consulting LLC, Settlement Notices were timely distributed by first-class mail to all Class Members

who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. In total, less than 5 percent were ultimately returned as undeliverable. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.* ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

    7.    The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

    A.    The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

    B.    The Settlement was negotiated only after Class Counsel had received substantial discovery from Defendants and third-parties;

    C.    The Settling Parties were well positioned to evaluate the value of the Class Action;

    D.    If the Settlement had not been achieved, both Plaintiff and Defendants faced the expense, risk, and uncertainty of extended litigation;

    E.    The amount of the Settlement ($1,100,000.00) is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature

of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

  F. The Class Representative has actively and independently participated in the Class Action;

  G. The Class Representative and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

  H. Settlement Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court; and

  I. There were no objections to the settlement.

  J. The Settlement was reviewed by an independent fiduciary, Newport Trust Company, which has approved the Settlement.

  8. The Motion for Final Approval of the Settlement Agreement, Doc. 68, is hereby **GRANTED.** The Settlement of the Class Action is **APPROVED** as fair, reasonable and adequate to the Plan and the Settlement Class.

  9. This Action and all Released Claims asserted therein whether asserted by the Class Representative on his own behalf or on behalf of the Settlement Class Members, or on behalf of the Plan, are hereby dismissed with prejudice without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

  10. The Plan and each Settlement Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be: (a)

conclusively deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

11. Each Settlement Class Member shall release the Released Parties and Class Counsel for any claims, liabilities, and attorneys' fees and costs arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and costs.

12. The provisions of Section 2.3 of the Settlement Agreement shall apply even if any Settlement Class Member may thereafter discover facts in addition to or different from those which the Settlement Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Settlement Class Members receive a monetary benefit from the Settlement, whether or not such Settlement Class Members actually received the Settlement Notice, whether or not such Settlement Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees, Costs, and Administrative Expenses, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed.

13. The Court finds that all applicable CAFA requirements have been satisfied.

14. The Motion for Award of Attorneys' Fees, Costs, and Administrative Expenses, Doc. 64, is hereby **GRANTED.** The Court finds that an award of attorneys' fees to Class Counsel in the amount of $366,300 (equal to one-third of the Gross Settlement Amount) is reasonable. The Court further finds that reimbursement of litigation expenses in the amount of $3,642, and payment to Analytics Consulting LLC and Newport Trust Company in the aggregate amount of $25,216 for Notice and Administration of the Settlement and review by the Independent Fiduciary is likewise reasonable.

15. The Plan of Allocation is approved. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Settlement Class Member in accordance with the Plan of Allocation. The Settlement Administrator is further authorized to direct the Escrow Agent to make such distributions from the Qualified Settlement Fund as necessary to implement the Plan of Allocation.

16. Within thirty (30) calendar days following the issuance of all settlement payments to Settlement Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defendants' Counsel a list of each Settlement Class Member who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

17.  Upon the Settlement Effective Date of this Order under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

18.  The Clerk is directed to CLOSE this case.

**DONE AND ORDERED** this 4th day of October, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge