# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Robert Cothran, as the representative of a class of similarly situated persons, and on behalf of the Electric Supply Employee Stock Ownership Plan,<br><br>    Plaintiff,<br><br>v.<br><br>George M. Adams Jr., Sandra Brock, Shaker Brock, Kelly A. Pound, and Harold Irwin,<br><br>    Defendants. | Case No. 8:23-cv-00518-CEH-CPT |

## ORDER

This matter comes before the Court on the parties' Joint Motion for *Cy Pres* Distribution (Doc. 75). The Parties request that the *cy pres* award go to the Florida Department of Financial Services, Division of Unclaimed Property, in the name of each of the twenty-one Class Members who have not cashed their settlement checks. For the reasons below, the Court grants the Joint Motion.

On October 4, 2024, the Court granted final approval of the parties' Settlement Agreement. Doc. 74. The Settlement Agreement established a settlement fund of $1,100,000. Doc. 56-1 ¶ 1.23. The settlement fund has a residual amount of $7,226.06, resulting from twenty-one settlement checks that were distributed to Class Members but never cashed.

1

In their motion, the parties claim that it is no longer possible to allocate residual settlement funds in the manner contemplated by the Settlement Agreement. The Settlement Agreement provides that "any Net Settlement Amount remaining in the Qualified Settlement Fund after distributions, including costs, taxes, and interest-earned on the Qualified Settlement Fund, shall be paid to the Electric Supply 401(k) Retirement Savings Plan for the purpose of defraying administrative fees and expenses." *Id.* ¶ 5.5(c). The Electric Supply 401(k) Retirement Savings Plan no longer exists as the company was sold and that plan was merged into the buyer's 401(k) plan. The buyer has advised that it is not willing to accept the residual settlement funds from this case into its 401(k) plan. The parties argue that depositing the residual funds with the Florida Department of Financial Services, Division of Unclaimed Property, would further the interests of the affected Class Members because the deposits would be in the name of the Class Member who did not cash the settlement check, allowing the Class Member to later claim such funds.

"*Cy pres* distribution is a common and proper method of distributing unclaimed settlement funds, subject to court approval of the particular application of the funds." *Esposito v. I.Q Data Int'l, Inc.*, No: 2:18-cv-437, 2021 WL 1561479, at *1 (M.D. Fla. April 21, 2021) (citing *Nelson v. Mead Johnson & Johnson Co.*, 484 F. App'x 429, 435 (11th Cir. 2012). "When the *cy pres* doctrine is employed by settling parties, the funds should be distributed for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those

similarly situated." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1355 (S.D. Fla. 2011) (citation modified).

The Court finds that this distribution of residual funds with the Florida Department of Financial Services, Division of Unclaimed Property, would further the interests of class members. Therefore, the Court approves distribution of $7,226.06, the remaining settlement funds, to the Florida Department of Financial Services, Division of Unclaimed Property.

Accordingly, it is hereby

**ORDERED:**

1. The parties' Joint Motion for *Cy Pres* Distribution (Doc. 75) is **GRANTED**.

2. The parties shall effect the *cy pres* distribution in the amount of $7,226.06 to the Florida Department of Financial Services, Division of Unclaimed Property, within thirty (30) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on January 6, 2026.

Charlene Edwards Honeywell
United States District Judge